1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    TONY TISCARENO,

8            Plaintiff,                        No. C 12-3841 PJH

9        v.                                    **ORDER GRANTING MOTION
                                               TO TRANSFER**
10   NETFLIX INC., et al.,

11           Defendants.

12   _____/

13          Before the court are defendants' motion pursuant to 28 U.S.C. § 1404(a) to transfer

14   the above-entitled action to the Central District of California; plaintiff's motion to allow

15   service of the summons and complaint on defendant Underhosts Network Ltd. by email or

16   fax; and plaintiff's motion to preclude Eric Norwitz ("Norwitz") – an attorney and a defendant

17   in this action) from representing Kristy Graham ("Graham") – also a defendant in this

18   action).  Having read the parties' papers and carefully considered their arguments and the

19   relevant legal authority, the court hereby rules as follows.

20                              **BACKGROUND**

21          In January 2010, Tony Tiscareno ("Tiscareno"), plaintiff in this action, filed Tiscareno

22   v. Bass, 10-0440-SJO, in the Central District of California, alleging copyright infringement,

23   intentional interference with economic relationship, and civil conspiracy regarding a

24   screenplay ("FASTGLASS") allegedly written by Tiscareno, two screenplays ("Fast Glass"

25   and "Kill Speed") allegedly written by Kim Bass ("Bass"), an unfinished movie ("Fast Glass")

26   directed by Bass, and a movie ("Kill Speed") directed by Bass.  Named as defendants were

27   Bass; Bass Entertainment, Inc. ("Bass Entertainment"); Richard Mattern ("Mattern"); John

28   Galanti ("Galanti"); Jon Zimmerman ("Zimmerman"); and Epic Pictures, Inc. ("Epic

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  Pictures").

2  Tiscareno amended the complaint twice, and in September 2010, filed a third

3  amended complaint, alleging the same causes of action against the same defendants, with

4  the addition of Lawrence Brennan Jr. ("Brennan" – attorney for Bass and Bass

5  Entertainment), and Kaleidoscope Home Entertainment Ltd. ("Kaleidoscope").

6  In January 2011, the claims against Mattern, Galanti, Zimmerman, Epic Pictures,

7  Brennan, and Kaleidoscope were dismissed with prejudice, and the two non-copyright

8  infringement claims against Bass and Bass Entertainment were also dismissed with

9  prejudice.  The court denied Tiscareno's motion for leave to add new defendants.

10  Tiscareno subsequently filed a fourth amended complaint, alleging copyright

11  infringement against Bass and Bass Entertainment only.  In May 2011, eight days before

12  trial, the claims against Bass and Bass Entertainment were dismissed at Tiscareno's

13  request.  Judgment was entered on June 23, 2011 against Tiscareno.

14  On July 23, 2012, Tiscareno filed the present action against Bass, Netflix, Inc.

15  ("Netflix"), Blockbuster, Inc. ("Blockbuster"),  Graham, and Norwitz, alleging a single cause

16  of action, for copyright infringement, against all defendants.  The lawsuit involves

17  essentially the same transactions and events, and the same intellectual properties, that

18  were at issue in the former action filed in the Central District of California.

19  On August 13, 2012, Tiscareno amended the complaint to remove Bass as a

20  defendant.  Nevertheless, the "Summary of Facts" is replete with allegations of wrongs

21  allegedly perpetrated by Bass, including the assertion that Bass "sold . . . a stolen script

22  that Mr. Bass downloaded from the Internet entitled FASTGLASS . . . [which] was written

23  and copyrighted by the [p]laintiff nearly a decade earlier."

24  A.     Motion to Transfer Venue

25         1.     Legal standard

26  Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action "for the

27  convenience of parties and witnesses [and] in the interest of justice . . . to any other district

28  or division where it might have been brought."  28 U.S.C. § 1404(a); Straus Family

United States District Court
For the Northern District of California

1  Creamery v. Lyons, 219 F.Supp. 2d 1046, 1047 (N.D. Cal. 2002).   A motion to transfer

2  venue lies within the broad discretion of the district court, and must be determined on an

3  individualized basis.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

4  The burden of showing that transfer is appropriate is on the moving party.  The Carolina

5  Casualty Co. v. Data Broad. Corp., 158 F.Supp. 2d 1044, 1048 (N.D. Cal. 2001).

6          District courts use a two-step analysis to determine whether a transfer is proper.

7  First, the court must determine whether the case could have been brought in the forum to

8  which the transfer is sought.  28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d

9  409, 414 (9th Cir. 1985).  If venue would be appropriate in the transferee court, then the

10  court must make an "individualized, case-by-case consideration of convenience and

11  fairness."  Jones, 211 F.3d at 498.

12          Among the factors that the court may consider in deciding whether a transfer is

13  appropriate are:  (1) the location where the relevant agreements were negotiated and

14  executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice

15  of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the

16  plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in

17  the two forums; (7) the availability of compulsory process to compel attendance of unwilling

18  nonparty witnesses; (8) the ease of access to sources of proof and (9) any relevant public

19  policy of the forum state.  Jones, 211 F.3d at 498-99; Lou v. Belzberg, 834 F.2d 730, 739

20  (9th Cir. 1987).

21          2.      Defendants' motion

22          Defendants argue that the case should be transferred to the Central District of

23  California for the convenience of parties and witnesses, and in the interests of justice.

24  First, they contend that this action "might have been brought" in the Central District, as the

25  almost-identical former action was in fact filed and litigated there.  In addition, they assert

26  that at the time that Tiscareno filed this action, Graham and Norwitz were both domiciled in

27  the Central District; Netflix was domiciled in California; and Blockbuster had sufficient

28  "minimum contacts" with California to confer personal jurisdiction.

**United States District Court**
For the Northern District of California

1    Defendants also contend that virtually all the transactions and events alleged in the

2  complaint occurred in the Central District, and that defendants' intended trial witnesses

3  reside and/or work in that district.  Defendants set forth in some detail the identity of nine

4  specific witnesses they plan on calling (and also list unidentified "employees" of a television

5  film production company and a movie production company that are located in the Central

6  District), along with the anticipated subject matter of their testimony.  In addition,

7  defendants assert that an extraordinary amount of labor and expense was devoted to

8  defending  the former action, and that the court expended a significant judicial resources.

9    In opposition, Tiscareno asserts that the expert witness whom he plans on calling to

10  testify lives in this district, and that because Netflix is purportedly selling the allegedly

11  infringing film from its headquarters in Los Gatos, California, this district is "the site of the

12  malfeasance."  Thus, he asserts, venue is proper in this district.

13    In reply, defendants argue that Tiscareno has failed to present any reason for not

14  transferring the case to the Central District, and that he has not supported his factual

15  assertions with a declaration made under penalty of perjury.

16    The court finds that the motion must be GRANTED.  Defendants have established

17  that a transfer to the Central District of California is warranted for the convenience of

18  parties and witnesses, and Tiscareno has not provided any persuasive opposition.

19  Defendants have also established that given the pendency of the former action in the

20  Central District, the interests of justice warrant a transfer to that district.

21    In addition, the relevant factors favor a transfer to the Central District.  The events

22  giving rise to the lawsuit largely appear to have occurred there, and the parties' contacts

23  with that forum are more extensive than their contacts with the Northern District.  Although

24  Tiscareno has chosen to file his lawsuit in this district, he filed the former lawsuit in the

25  Central District, which fact prompts the court to give less weight to the plaintiff's choice of

26  forum in this case.  Finally, based on defendants' declarations, it appears that the Central

27  District is far more convenient for defendants and their witnesses, and that any relevant

28  documents will also be available there.

4

United States District Court

For the Northern District of California

**CONCLUSION**

In accordance with the foregoing, the court ORDERS that  this action be transferred to the Central District of California.  Plaintiff's motion to preclude Eric Norwitz from representing Kristy Graham is DENIED as unsupported by any legal authority.  The motion for email or fax service on Underhosts Network Ltd. is DENIED based on plaintiff's failure to support the factual allegations regarding attempts at service with a declaration made under penalty of perjury.

The December 5, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated:  November 26, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge